UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRED CHISOM,

    Petitioner,

v.

STATE OF WASHINGTON
DEPARTMENT OF CORRECTIONS,

    Respondent.

Case No. C07-5310 RBL/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:**
 August 24, 2007

This habeas corpus action, filed pursuant to 28 U. S.C. 2254, has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local MJR 3 and 4. Although filed as a writ of habeas corpus (Dkt. # 3), Petitioner does not challenge his judgment or sentence, but seeks early release. Petitioner asks for leave to proceed *in forma pauperis*. (Dkt. # 1). After a review of the Petitioner's motion for leave to proceed *in forma pauperis*, and the Court's records, the undersigned recommends that the Petitioner's motion be denied and his petition be dismissed.

**DISCUSSION**

The Court is aware that Petitioner has filed prior habeas petitions. *See, Chisom v. Washington State*, 2-CV-02048-TSZ; *Chisom v. Washington State*, 4-CV-02261-JCC-MJB; *Chisom v. Washington State*, 5-CCV-01133-RSM-MAT; *Chisom v. Washington State*, 6-CV-00260-

REPORT AND RECOMMENDATION
Page - 1

JLRMJB. The undersigned first considered the petition on the merits to determine if the petition was a second or successive petition requiring transfer to the Ninth Circuit, pursuant to Ninth Circuit Rule 22-3(a). Although, the court has determined that this is not a second or successive petition, the court has concluded that Petitioner has not stated a colorable habeas claim.

Petitioner challenges his anticipated release and a provision of his "parole", which Petitioner states requires that he "have an address or live in a drug area," before he will be released. (Dkt. # 3 at 14). Petitioner challenges the provision, which he argues is biased. Petitioner also claims that he is entitled to federal housing assistance. (*Id*). Petitioner seeks immediate release, vacation of the provision limiting his release and $96,000.00 in punitive damages. Petitioner does not challenge his judgment or sentence.

The United States Supreme Court has held that there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979)[1]. In addition, Petitioner has at least three prior strikes pursuant to 28 U. S.C. 1915 (g) and is, therefore, not entitled to proceed *in forma pauperis* in a civil rights action unless he can show imminent threat of serious physical injury. The Prison Litigation Reform Act, which affects *in forma pauperis* applications brought by prisoners seeking relief under § 1983, provides:

> **(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.**

Plaintiff has five cases where the court specifically counted the dismissal as a strike. *See*, *Chisom v. Larson*, 97-CV-0420TSZ; *Chisom v. Belshaw,* 04-CV- 5318RBL; *Chisom v. Callam Bay*

---

[1] Petitioner speaks of being released on "parole." There is also no liberty interest in being released on parole. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Grenenholtz*, 442 U.S. at 7*; Weaver v. Maass,* 53 F.3d 956, 960 (9th Cir. 1995).

REPORT AND RECOMMENDATION
Page - 2

*Property Room*, 04-CV-5585RBL; *Chisom v. Clallam Bay Mailroom*, 04-CV-5588RBL; and *Chisom v.Frazier*, 05-CV-5327RBL.   Therefore, Plaintiff  may not file this claim as a civil rights action.

Accordingly, the undersigned recommends that the motion to proceed *in forma pauperis* be **DENIED** and that this petition be **DISMISSED WITHOUT LEAVE TO AMEND.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 24, 2007**, as noted in the caption.

DATED this 30th day of July, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3